**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RBG PLASTIC, LLC, d/b/a RESTAURANTWARE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| SPARKLES GIFT & PARTY SHOP, INC., d/b/a, STOCK YOUR HOME, | ) | Jury Demanded |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, RBG Plastic, LLC, d/b/a Restaurantware (hereinafter "RBG"), by its attorneys, and as for its Complaint against defendant Sparkles Gift & Pary Shop, Inc., d/b/a, Stock Your Home, a New York corporation, alleges as follows:

**Introduction**

1. This is a complaint for trademark infringement, unfair competition and false description arising under §§ 32 and 43 of the Lanham Act 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and related state law claims associated with the defendants' misuse and infringement of RBG's registered trademarks.

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law tort claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the defendants because each defendant regularly solicits business and sells products to residents of the State of Illinois.

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the defendants are subject to personal jurisdiction in this district at the time the action was commenced and under 28 U.S.C. §1391(b) and (c) a substantial part of the events or omissions giving rise to the claims occurred in this district.

**The Parties**

5. RBG is, and all times mentioned herein was, a limited liability corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 2150 W. 43rd Street, Unit B, Chicago, Illinois 60609.

6. Defendant Sparkles Gift & Party Supply, Inc. is, and all times mentioned herein was, a corporation organized and existing under the laws of the state of New York, having a principal place of business at 580 Crown Street, Apt. 605, Brooklyn, NY 11213.

7. Sparkle does business under the trade name "Stock Your Home."

8. RBG, on one hand, and defendant, on the other, are competitors in the food service products and services business.

**The Registrations of RESTAURANTWARE®**

9. On September 12, 2017, RBG was granted Registration Number 5283420 for the Word Mark "RESTAURANTWARE" for "Compostable and biodegradable cutlery, namely, knives, spoons, forks; Disposable tableware, namely, knives, forks and spoons; Plastic cutlery, namely knives, forks, and Spoons."

10. On September 26, 2017, RBG was granted Registration Number 5293709 for the Word Mark "RESTAURANTWARE" for "Bowls; Compostable and biodegradable plates, bowls, cups and trays; Cooking pans; Cooking skewers; Disposable dinnerware, namely, cups, bowls, plates, and saucers;

Drinking vessels; serving bowls (hachi); Serving dishes; Serving trays."

11. On September 26, 2017, RBG was granted Registration Number 5293708 for the Word Mark "RESTAURANTWARE" for "On-line retail store services featuring preparation, serving, and dining supplies for the food service industry."

12. On September 5, 2023, RBG was granted Registration Number 7153440 for the Word Mark "RESTAURANTWARE" for the sale of "Table cutlery; household knives; non-electric food slicers; knife sharpeners; meat tenderizers, namely, a kitchen mallet; cooking utensils, namely, shears; cooking utensils, namely, non-electric vegetable peelers; cooking utensils, namely, non-electric pizza cutters; non-electric can openers."

13. Registration Number 7153440 also covers the sale of: "Small packaging containers of cardboard and paper for food and drink products; paper doilies; disposable table napkins and placemats of paper; paper labels; paper tablecloths; food storage bags of paper and plastic; paper filters for coffee; decals; trash can liners," and "Small packaging containers of plastic for the food and drink industry; utensils for food preparation and food decoration, namely, plastic pipettes," as well as "Cooking utensils, namely, household utensils in the nature of skimmers, graters for kitchen use, cooking strainers, potato mashers, grill presses, egg yolk separators, fruit muddlers; bottle openers; cocktail picks, cocktail stirrers, cocktail glasses, cocktail shakers, cocktail strainers, and fruit muddlers; squeeze bottles sold empty; drinkware; cooking skewers; drinking straws; cookware, namely, non-electric cooking pots, non-electric cooking pans, and bakeware; mixing bowls; cutting boards and holders for cutting boards; household utensils, namely, spatulas for kitchen use, ladles for kitchen use, whisks, turners, kitchen tongs; cookery molds; hand-operated lobster shell crackers; sushi rolling mats; mortars and pestles for kitchen use; dinnerware; cake decorating sets sold as a unit comprised primarily of decorating tubes, piping tips, and couplers; pastry molds; cookie cutters; oven mitts;

cocktailware drying mats in the nature of mats for use in catching drips and draining and drying cocktailware; clothes pins; non-electric coffee makers; coasters, not of paper or textile; napkin holders; servingware for serving food and drink; household scouring pads; cleaning sponges and pads; brooms; dust pans; caddies for holding cleaning supplies for household use; buckets; pails; squeegees being cleaning instruments; mops and mop heads; trash cans; empty spray bottles; disposable gloves for home use; cooking utensils, namely, non-electric juicers; small household packaging containers of plastic for food and drink products; food storage boxes of plastic."

14. The 7153440 Registration covers services such as: "On-line retail store services featuring supplies for the food service industry, namely, preparation, serving, dining, and cleaning supplies; on-line retail store services featuring food, beverages, food mixes, and food decorations."

15. On January 9, 2024, RBG was granted Registration Number 7266649 for the Word Mark "RESTAURANTWARE" for the sale of "heat seal machines for industrial purposes; electric food blenders; electric immersion food blenders; glass washers in the nature of dishwashing machines; machines, namely, crushers, impact mills, breakers, pulverizers, mixers and blenders and parts therefor, for industrial and commercial applications;" and "Electric food dehydrators, hot dog rollers being electric indoor grills featuring rollers that turn while cooking food; electric griddles; electric deep fryer; electric toasters; snow cone making machines; sauce warmers; electric popcorn machines; convection ovens; cotton candy making machines; induction cooktops; chafing dishes; refrigerated beverage dispensing units; electric coffee urn; cooking torch, namely, butane torches for cooking."

16. RBG first used the mark "RESTAURANTWARE" in the marketing of its services and products in 2010 and has used the mark continuously ever since.

17. Each of the three Registrations was published for opposition. Defendant did not oppose

RBG's mark during the publication periods.

**Defendants Infringement of RESTAURANTWARE®**

18. In order to exploit the good will associated with RBG's trademark "RESTAURANTWARE" and to create confusion in the marketplace, defendant has and is currently using the phrase "RESTAURANTWARE" and/or "RESTAURANT-WARE" and/or other related but confusingly similar marks (hereinafter the "Confusingly Similar Marks") in its online advertising and marketing campaigns.

19. For example, Defendant prominently uses "RESTAURANTWARE" as a banner in its online advertisements:




20. Defendant also uses "RESTAURANTWARE" as a category of its products by including a link in its advertising that says: "Browse Our Restaurantware" or "Browse More of Our Restaurantware."

21. Defendant also uses closely related variations of the mark to exploit RBG's brand and trademarks. For instance, Defendant's YouTube account contains the following description of "Stock Your Home:"

> Stock Your Home ® is a family owned small business with a passion for creating quality and affordable home goods, restaurant-ware, and more. From elegant plastic place settings to nifty clothes rack organizers, we've got everything you need to stock your home! (Highlight added)

https://www.youtube.com/channel/UCi8y9bXLIquSNlachVtZYLA

22. Defendant's use of "RESTARUANTWARE" and the Confusingly Similar Marks to

attract customers, to market and promote its products and/or services in general is deceptively and confusingly similar to RBG's trademark "RESTAURANTWARE."

23. Defendant's products and services have been, are and will be sold in the same types of wholesale, retail and distribution channels to the same classes of purchasers as RBG's products and services have been, are and will continue to be sold.

24. Defendant's wrongful use of RBG's mark is likely to cause confusion, mistake, and deception in the minds of the public.

25. Defendant's infringement constitutes a willful and malicious violation of RBG's trademark rights, aimed at preventing RBG for continuing to build a business around a mark that it lawfully possesses.

**Count I: Trademark Infringement Under Lanham Act § 32**

26. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1-25.

27. Defendant's wrongful use of the registered trademark "RESTAURANTWARE" or the Confusingly Similar Marks comprises an infringement of RBG's registered trademark "RESTAURANTEWARE" and is likely to cause confusion, mistake and deception as to the identity and origin of Defendant's goods and services, causing irreparable harm to RBG for which there is no adequate remedy at law.

28. By reason of the foregoing acts, defendant is liable to RBG for trademark infringement under 15 U.S.C. § 1114.

**Count II: Unfair Competition Under Lanham Act § 43**

29. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

30. Defendant's use of and imitation of RBG's mark to promote, market or sell its

products or services in direct competition with RBG's products and services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a)

31. Defendant's use of and imitation of RBG's mark is likely to cause confusion, mistake and deception among consumers.

32. Defendant's unfair competition has caused and will continue to cause damage to RBG, and is causing irreparable harm to RBG for which there is no adequate remedy at law.

**Count III: False Description**

33. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

34. Defendant's wrongful use of "RESTAURANTWARE" and/or "RESTAURANT-WARE," which is such a colorable imitation and copy of RBG's established trademark, in the food service market for a wide range of food industry and food service industry products that defendant's use thereof in the context of food product services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of RBG's products, or to deceive consumers as to the origin, sponsorship or approval by RBG of the defendant's counterfeit products.

35. RBG states that defendant's use of "RESTAURANTWARE" and/or "RESTAURANT-WARE" or any other Confusingly Similar Mark comprises a false description or representation of defendant's business or products under 15 U.S.C. § 1125(a) § 43(a) of the Lanham Act.

**Count IV: Common Law Injury For Business Reputation**

36. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

37. RBG alleges that defendant's wrongful use of and imitation of RBG's trademark

inures to and creates a likelihood of injury to RBG's business reputation because persons encountering defendants and their products and services will believe that RBG is affiliated with or related to or has the approval of defendant, and any adverse reaction by the public to defendant and the quality of its products and the nature of its business will injure the business reputation of RBG and the good will that it enjoys in connection with its mark "RESTAURANTWARE."

38. RBG has been damaged by defendant's wrongful, infringing conduct.

**Count V: Illinois Deceptive Trade Practices Act**
**815 ILCS 510/2**

39. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

40. Defendant's wrongful use of "RESTAURANTWARE" or any colorable variation thereof to market for cutlery, tableware and other products food service products and services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of RBG's products, or to deceive consumers as to the origin, sponsorship or approval by RBG of the defendants' counterfeit products.

41. Defendant's use of the mark "RESTAURANTWARE" or any colorable variation thereof comprises a false description or representation of defendants' business or products under 815 ILCS 510/2.

42. RBG has been damaged by defendant's wrongful, infringing conduct.

**Count VI: Violation Of The Illinois Trademark Registration & Protection Act**

43. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

44. Defendant's wrongful use of "RESTAURANTWARE" or any colorable variation

thereof in the context of food service products and services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of RBG's products, or to deceive consumers as to the origin, sponsorship or approval by RBG of the defendants' counterfeit products.

45. RBG states that defendant's use of the mark "RESTAURANTWARE" or any colorable variation thereof constitutes infringement upon RBG's valid and precedent use of the trademark "RESTAURANTWARE" under 765 ILCS 1056/60.

46. RBG has been damaged by defendant's wrongful, infringing conduct.

**Count VII: Violation Illinois Consumer Protection Act**
**815 ILCS 505/2**

47. RBG repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

48. Defendants' wrongful use of RBG's mark is such a colorable imitation and copy of RBG's established in the market for food service products and services that defendant's use thereof in the context of food service products and services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of RBG's products, or to deceive consumers as to the origin, sponsorship or approval by RBG of the defendant's counterfeit products.

49. Defendants' use of "RESTAURANTWARE" and/or "RESTAURANT-WARE" comprises a false description or representation of defendant's business or products under 815 ILCS 505/2.

WHEREFORE, plaintiff RBG Plastic, LLC prays for judgment against defendant Sparkes Gift & Party Supply, Inc. as follows:

1. Defendant and its agents, officers, employees, representatives, affiliates,

successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, each of them, be preliminarily and permanently enjoined from:

(a) Using RBG's trademark "RESTAURANTWARE," or any colorable imitation thereof;

(b) Using any trademark that imitates or is confusingly similar to or in any way similar to RBG'S trademark "RESTAURANTWARE," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of RBG'S products or services or their connections to defendant.

2. Defendant be required to file with the Court and serve on RBG within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which defendants has complied with the Injunction;

3. That pursuant to 15 U.S.C. § 1117, defendant be held liable for all damages suffered by RBG resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, defendant be compelled to account to RBG for any and all profits derived from their illegal acts complained of herein;

5. The defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody under the control of defendant bearing the trademark found to infringe on RBG trademark rights, as well as all plates, matrices, molds, dyes, masters and any other means of making the same;

6. For damages, interest and costs to the extent permitted by law;

7. The Court declare this to be an exceptional case and award RBG its full costs and reasonable attorney's fees;

8. The Court grant RBG any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

9. For such other relief as the Court deems just and proper.

**JURY DEMAND**

RBG hereby demands a trial by jury on all issues triable before a jury.

Dated: March 14, 2024

Respectfully submitted,

RBG PLASTIC, LLC, d/b/a
RESTAURANTWARE

By: /s/Charles L. Philbrick
One of its attorneys

Charles L. Philbrick
(cphilbrick@rathjewoodward.com)
Rathje Woodward LLC
300 East Roosevelt Road, Suite 220
Wheaton, Illinois 60187
Telephone: (630) 668-8500