IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RBG PLASTIC, LLC, d/b/a RESTAURANTWARE, <br><br> Plaintiff, <br><br> v. <br><br> SPARKLES GIFT & PARTY SHOP, INC., and STOCK YOUR HOME, LLC <br><br> Defendants. <br> -------------------------------------------------- <br> SPARKLES GIFT & PARTY SHOP, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RBG PLASTIC, LLC, d/b/a RESTAURANTWARE, <br><br> Counter-Defendant. | Case No. 1:24-cv-02155 <br><br> Hon. Franklin U. Valderrama, District Judge <br><br> Hon. Jeffrey T. Gilbert, Magistrate Judge |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, RBG Plastic, LLC, d/b/a Restaurantware ("RBG"), by its attorneys, respectfully submits its Motion to Compel against Defendant Sparkles Gift & Party Shop, Inc. ("Sparkles").

## INTRODUCTION

In this case, RBG sues Sparkles and Stock Your Home for infringement of a registered trademark (Lanham Act §32), unfair competition (Lanham Act §43), and false advertising (Lanham Act §43). Dkt. #21. RBG also asserts state law claims against Sparkles, including, but not limited to, violation of the Illinois Deceptive Trade Practices Act, the Illinois Trademark Registration & Protection Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act. *Id.*

1

Among other things, RBG alleges that Defendants' online "banner" advertisement, depicted below, infringed RBG's registered trademark, RESTAURANTWARE ("Mark"). Dkt. #21 at ¶21.



In response, Sparkles counterclaims for cancellation of RBG's trademark registrations on a theory of genericness and asserts various supposed defenses, including "innocent infringement" and fair use. Dkt. #26.

**RELEVANT PROCEDURAL HISTORY**

In July 2024, RBG served its first sets of document requests and interrogatories to Sparkles, which are attached in full hereto as Exhibits 1 and 3. In August and September 2024, Sparkles served its written objections and responses, which are attached in full hereto as Exhibits 2 and 4. Sparkles made corresponding document productions in November 2024, December 2024, January 2025, and February 2025.

In December 2025, RBG began its meet and confer efforts relating to this Motion. At that time, RBG alerted Sparkles that its production of sales data appeared to be incomplete. Ex. 5 at 2-3. In particular, RBG explained that the production appeared to be missing sales data associated with the infringing banner advertisement and that "having this data is central to RBG's ability to engage in meaningful settlement discussions." *Id.* RBG also provided Defendants with a list of

2

products for which RBG believed the sales data was missing. *Id.* Defense counsel disputed that the list provided by RBG reflected products associated with use of the banner but agreed to discuss the matter with its client if RBG provided a list of "ASINs" (Amazon identification numbers) for the missing products. Ex. 5 at 2. Based on its own research, in January 2025, RBG provided a list of ASINs. Ex. 5 at 1. In early February 2025, RBG provided Sparkles with a memo regarding other deficiencies in Sparkles' discovery responses. Ex. 6.[1] Later that month, Defendants produced additional sales data. Ex. 7.

The parties conferred by telephone about the above issues on March 7, 2025 at 11 am ET. Ex. 7. Mr. Philbrick participated on behalf of RBG, and Ms. Hudak participated on behalf of Sparkles. On March 14, 2025, RBG sent Sparkles correspondence memorializing the telephone conference. Ex. 8. On March 17, 2025, Ms. Hudak, for Sparkles, responded by email. Ex. 9. In that email, Sparkles stated, "your letter does not accurately reflect our March 7 discussion." *Id.* It gave as an example RFP No. 2, stating "[f]or example, with respect to RFP No. 2, we explained that Sparkles is not withholding any non-privileged communications regarding Plaintiff or its alleged RESTAURANTWARE trademark." *Id.* Aside from this single example, Sparkles did not explain what other information in RBG's letter Sparkles contends is inaccurate. *Id.*

After the above-referenced telephone consultation and good faith attempts to resolve differences, the parties are unable to reach an accord. Accordingly, RBG moves to compel.

## **ARGUMENT**

This Court should grant RBG's Motion to Compel. As explained below, RBG seeks documents and information relevant to the claims and defenses in this case as required by Rule 26.

---

[1] Exhibit 6, as well as Exhibit 8 cited below, each contain a minor redaction because the redacted information has been designated Confidential by Defendants pursuant to the Agreed Confidentiality Order (Dkt. #42). If the Court wishes to view the unredacted exhibits, RBG will submit them *in camera* or by other means suitable to the Court.

3

Fed. R. Civ. P. 26(b)(1). Sparkles attempts to resist these requests by asserting a litany of boilerplate objections, which are "no better than not filing objections at all." *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 15 C 10340, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017). Thus, the relief RBG seeks should be granted.

### *Sparkles' Possession of Responsive Documents*

During meet and confer, the parties discussed that Sparkles' responses are ambiguous as to whether Sparkles possesses responsive documents. RBG requested that Sparkles supplement its discovery responses to indicate whether Sparkles possesses responsive documents as to each request and whether Sparkles was withholding responsive documents based on its objections. Sparkles indicated that Sparkles would do so only if RBG did the same. RBG informed Sparkles that RBG agreed to do so and was preparing supplemental responses to that effect, but Sparkles refused to do likewise until receiving RBG's supplemental responses. This refusal is improper, and Sparkles must be compelled to comply. Fed. R. Civ. P. 34(b)(2)(C) (an objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").

### *Request Nos. 6-7, 15-16, 29*

These requests seek documents sufficient to show Sparkles' sales by month from August 2020 to the present; documents sufficient to show Sparkles' operating costs for sales from 2020 to the second quarter of 2024; and Sparkles' profit and loss statements from 2020 to 2023. Sparkles asserted boilerplate objections and claimed that it could not ascertain what relevant, non-privileged documents were sought. Ex. 2.

The requested information is directly relevant to RBG's damages. 15 U.S.C. § 1117(a);

*Dyson Technology Ltd. v. David 7 Store*, -- F.4th --, 2025 WL 890384 * 2 (7th Cir. March 24, 2025). Sparkles has not specified which online product listings included the infringing banner, and Sparkles' principal, Mr. Eckhaus, did not categorically rule out the possibility that the banner was used in as much as 99% of Sparkles' A+ content on Amazon. Ex. 10, Eckhaus Individual Dep. 94:20-95:10. Thus, all of Sparkles' sales for the relevant time period are discoverable and material to RBG's case.

During meet and confer, the parties discussed Sparkles' production of spreadsheets marked DEF 959 and 4747,[2] which are responsive to these requests and provide various types of data relating to sales. RBG explained during meet and confer that there are 15 ASINs that are common to both DEF 959 and DEF 4747, *and that there are inconsistencies in the data for these ASINs between the two spreadsheets.* These inconsistencies call into question the reliability of all the data that has been provided to date. RBG also explained that it believes RBG's production is still incomplete.

In addition, according to Mr. Eckhaus, there is one ASIN for the various sizes of a given product, *i.e.*, multiple SKUs for one ASIN. Eckhaus Individual Dep. 103:4-14. But it appears from the spreadsheets and the product listings produced by RBG that many of the ASINs contained in the spreadsheet only account for one SKU associated with that particular ASIN.

As a solution to these issues, RBG has requested that Sparkles produce all of its sales data for all products sold from 2020 through 2023. Given the centrality of this information to RBG's damages and given Mr. Eckhaus' testimony, the requested information is both relevant and proportional to the needs of the case, and Sparkles should be ordered to comply.

**Request Nos. 4, 5**

---

[2] These spreadsheets are not attached as exhibits because they are designated Confidential by Defendants pursuant to the Agreed Confidentiality Order (Dkt. #42).

These requests generally seek documents and communications referencing or relating to RBG, its Mark, or any Confusingly Similar Term:

- REQUEST NO. 4: Please produce any communications with your customers relating to or mentioning RBG, the Mark or any Confusingly Similar Term.

- REQUEST NO. 5: Please produce all documents or communications, whether internal or external, that mention or include RBG, the Mark or any Confusingly Similar Term.

Ex. 1.

After raising numerous boilerplate objections, Sparkles responded to each request by stating that Sparkles "cannot discern what non-privileged documents RBG is specifically seeking in this Request that is relevant to any claim or defense, and therefore cannot produce responsive materials unless and until RBG provides a more particularized Request. Sparkles is willing to meet and confer concerning the appropriate scope of this request, if any." Ex. 2.

This response is improper. There can be no serious dispute that documents referencing *RBG's Mark* are relevant to the claims and defenses in this case. Moreover, documents pertaining to Sparkles' knowledge of RBG and the Mark are highly relevant based on Sparkles' so-called defense that it is an "innocent" infringer, which presumably means that Sparkles' infringement (according to Sparkles) was not willful. In addition, the deposition testimony of Ms. Pellecier and Mr. Plummer indicated that Sparkles possesses responsive records in its Dropbox and Google Drive accounts. *See, e.g.*, Ex. 11, Pellecier Dep. 36:6-23, 56:6-16, 93:6-94:13, 142:12-143:21; Ex. 12, Plummer Dep. 40:4-10; 48:3-10.[3]

### Request No. 3

This request seeks Sparkles' "advertisements, web content, or any other marketing

---

[3] Exhibit 12 includes Ms. Pellecier's errata sheet. In the errata, RBG has redacted a single line because the redacted information has been designated Confidential by Defendants pursuant to the Agreed Confidentiality Order (Dkt. #42). If the Court wishes to view the unredacted exhibit, RBG will submit it *in camera* or by other means suitable to the Court.

6

materials that uses the Mark or any Confusingly Similar Term." Ex. 1. Sparkles again asserted boilerplate objections and claimed that it could not ascertain what relevant, non-privileged documents were sought. Ex. 2.

During meet and confer, RBG explained that the request encompasses all of Sparkles' product listings that employed the "banner." Ex. 8. Sparkles indicated that it had produced its one and only document that is responsive to this request and identified it as DEF 374. However, RBG also noted deposition testimony by Mr. Plummer that Ms. Pellecier's instructions to create the "banner" were sent to him by email, that he provided Ms. Pellecier with various versions of the "banner" by email, and that Ms. Pellecier typically maintained Mr. Plummer's work product in Sparkles' Dropbox account. Plummer Dep. 33:4-37:18, 39:16-20, 45:12-46:23. Thus, RBG seeks Sparkles' confirmation that its representation was accurate.

### Request No. 17, 25, 30

These requests seek analytics relating to Sparkles' use of the Mark or Confusingly Similar Terms in advertising:

- REQUEST NO. 17: Please produce documents [*sic*] customer or potential customer click throughs on an online advertisement that used the Mark or a Confusingly Similar Term as a keyword or which used the Mark or a Confusingly Similar Term in the body of the advertisement, regardless of whether that person ultimately made a purchase from you.

- REQUEST NO. 25: For each of your advertisements that use the Mark or any of the Confusingly Similar Terms, please produce all analytics available to you from the Search Engine(s) or by any third-party analytics tools.

- REQUEST NO. 30: Please produce the analytics for your use of the Mark or the Confusingly Similar Terms as an Amazon search term.

Ex. 1. Sparkles again asserted boilerplate objections and claimed that it could not ascertain what relevant, non-privileged documents were sought. Ex. 2.

During meet and confer, Sparkles indicated that Sparkles is willing to supplement as to whether responsive documents exist. RBG appreciates this agreement; however, it is still moving

7

on these requests to ensure that if responsive documents exist, Sparkles will produce them. The information requested is obviously responsive to RBG's claims for infringement and deceptive business practices, and, if it exists, must be produced.

### *Request Nos. 22, 23*

These requests seek documents relating to allegations of trademark infringement and other unlawful competitive conduct against Sparkles. Ex. 1. Sparkles again asserted boilerplate objections and claimed that it could not ascertain what relevant, non-privileged documents were sought. Ex. 2. *First*, the scope of requested documents includes documents pertaining to RBG's allegations against Sparkles for its infringement of RBG's Mark, and such documents are indisputably relevant. *Second*, as RBG explained in meet and confer, the requested documents are also relevant to Sparkles' "innocent infringer" defense—*i.e.*, it is less likely that Sparkles' infringement is not willful if Sparkles routinely infringes upon the trademarks of other competitors. Sparkles had indicated that it is not willing to supplement, that counsel does not know if there are responsive documents, and that Sparkles is not willing to search to determine whether there are responsive documents. Given the relevance of the requested information, Sparkles should be ordered to comply.

### *Interrogatory No. 3*

This interrogatory asks Sparkles to "identify all efforts, whether by you or by any person on your behalf, to advertise and/or promote Sparkles using the Mark or any Confusingly Similar Terms and identify all documents evidencing same." Ex. 3. The interrogatory specifies that Sparkles' response should include the date of these efforts, the medium used, and the geographic reach of the advertisements. *Id.* In response, Sparkles asserted boilerplate objections and stated,

> Subject to and without waiving the foregoing specific objections and General Objections, Defendant responds as follows: As Plaintiff's Complaint demonstrates,

8

> Defendant has not made any efforts to advertise or promote Defendant using the term "restaurantware" or any variation thereof; rather, any use of the term "restaurantware" or "restaurant-ware" was made to describe a generic category of goods. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, upon entry of a protective order, Defendant will produce documents evidencing such use.

Ex. 4.

This is insufficient. *First*, Sparkles' "General Objections" have no effect. *In re Peregrine Fin. Group Customer Litig.*, 12 C 5546, 2015 WL 1344466, at *3 (N.D. Ill. Mar. 20, 2015). *Second*, Sparkles has failed to provide the dates of responsive advertising, the mediums used, and the geographic reach, as called for by the interrogatory. *Third*, Sparkles' response indicates that it will produce documents evidencing its use of the Mark, but it has not.

*Finally*, RBG challenges Sparkles' reliance on Rule 33(d). Under that Rule, the burden of deriving or ascertaining the answer must be "substantially the same for either party." Fed. R. Civ. P. 33(d). It is highly doubtful that this condition would be satisfied, even if Sparkles makes a responsive production, given that RBG is requesting Sparkles' own advertising information. Rule 33 also requires that Sparkles specify the records that must be reviewed, "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* In light of all of the above, Sparkles has failed to answer this interrogatory properly and should be compelled to do so.

### *Interrogatory No. 11*

This interrogatory asks whether Sparkles contends "that Sparkes' use of RESTAURANTWARE is likely to cause confusion, mistake, and deception in the minds of the public." Ex. 3. If not, Sparkles is asked to "identify the full factual basis for your contention, identify all persons with knowledge of the facts that support your contention, and identify all records or documents or other evidence that supports your contention." *Id.* In response, Sparkles asserted boilerplate objections and further stated,

9

> Subject to and without waiving the foregoing specific objections and General Objections, Defendant responds as follows: As Plaintiff's Complaint demonstrates, Defendant has not made any efforts to advertise or promote Defendant using the term "restaurantware" or any variation thereof; rather, any use of the term "restaurantware" or "restaurant-ware" was plainly made to describe a generic category of goods. It is Plaintiff's burden to establish the likelihood of confusion, however, to date, Plaintiff has provided no argument or evidence in support. As described more fully in Defendant's pending motion for judgment on the pleadings, the Complaint contains only conclusory allegations. Accordingly, Defendant cannot respond to this Interrogatory unless and until Plaintiff explains that basis for its infringement allegations. Defendant will provide expert reports, if any, at the time called for by the case schedule, and only to the extent required by the Federal Rules of Civil Procedure and any Local Rules of the Court.

Ex. 4.

During meet and confer, Sparkles indicated that it would consider RBG's request that Sparkles supplement its answer to this interrogatory. However, as of the date of this filing, no supplement has been made. Thus, RBG moves to compel.

RBG notes again that Sparkles' "General Objections" have no effect. *In re Peregrine*, 2015 WL 1344466, at *3. Sparkles' "response" is utterly non-responsive. This interrogatory poses a "yes" or "no" question, which Sparkles has failed to answer. Furthermore, if the answer is no, then the interrogatory commands Sparkles to provide the full "factual basis" its contention, to identify "persons with knowledge," and to identify "all records or documents or other evidence" that support this particular contention. Sparkles should be ordered to answer. *See Vera Bradley Designs, Inc. v. Aixin Li*, 20 C 2550, 2021 WL 780718, at *3-4 (N.D. Ill. Mar. 1, 2021) ("Where the fox got all those chickens from remains to be seen. But, under the Federal Rules of Civil Procedure, we don't simply take the other side's word for it.").

## CONCLUSION

WHEREFORE, Plaintiff, RBG Plastic, LLC, d/b/a Restaurantware, respectfully requests that this Court grant Plaintiff's Motion to Compel.

Respectfully submitted,

By: /s/ Charles L. Philbrick

Charles L. Philbrick (ARDC #6198405)
Rathje Woodward LLC
300 E. Roosevelt Rd., Suite 220
Wheaton, IL 60187
cphilbrick@rathjelaw.com
*Attorneys for Plaintiff/Counter-Defendant*
*RBG Plastic LLC, d/b/a Restaurantware*

11

## **CERTIFICATE OF SERVICE**

      I, Charles L. Philbrick, an attorney, hereby certify that I caused a copy of the foregoing ***PLAINTIFF'S MOTION TO COMPEL*** to be served upon all counsel of record via CM/ECF filing on April 3, 2025.

                                                    /s/      Charles L. Philbrick
                                                               Charles L. Philbrick