UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RBG PLASTIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-02155 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama, U.S.D.J. |
| | ) | Hon. Jeffrey T. Gilbert, U.S.M.J. |
| SPARKLES GIFT & PARTY SHOP, INC. and | ) | |
| STOCK YOUR HOME, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SPARKLES GIFT & PARTY SHOP, INC.'S MOTION TO COMPEL**

Defendant Sparkles Gift & Party Shop, Inc. ("Sparkles"), by and through its undersigned counsel, respectfully submits its Motion to Compel against Plaintiff RBG Plastic, LLC ("RBG").

**I.  INTRODUCTION**

This is a trademark action relating to the use of the term "restaurant-ware." RBG contends that no one can use this old term anymore because RBG has obtained trademark registrations for this term in connection with various classes of goods. In this regard, RBG alleges that Sparkles engaged in trademark infringement by using the term at issue to reference a generic "category of products." (ECF No. 21, FAC ¶ 22.) Nowhere has RBG ever explained how Defendants purportedly used the term as a ***trademark***, i.e., a designation of source. RBG's claims are meritless and can be dispensed with at the pleading stage, but as Defendants' motion for judgment on the pleadings (ECF No. 27) is still pending, the parties have proceeded with discovery.

While RBG has requested multiple extensions of the fact discovery period to pursue numerous unnecessary depositions, and has now filed a motion to compel (despite being advised that Defendants have already produced all relevant documents), RBG has refused to produce numerous relevant documents and written discovery responses. For example, RBG has refused to

1

produce: (1) agreements concerning RBG's alleged RESTAURANTWARE trademark; (2) documents (e.g., deposition testimony) from a prior litigation concerning the selection and validity of the alleged RESTAURANTWARE trademark; (3) documents concerning third-party uses of the term "restaurantware" in a generic sense; (4) information concerning RBG's knowledge of Defendants; and (5) and information concerning RBG's profits. RBG has no legitimate reason to withhold these documents. RBG has also refused to answer more than 20 of Sparkles' Requests for Admission ("RFAs"). This Court should compel the production of RBG's withheld documents in information; compel the answers to these RFAs (or deem them admitted); and award Sparkles' its fees in connection with bringing this Motion.

## II. PROCEDURAL HISTORY

RBG filed this action against Sparkles on March 14, 2024. (ECF No. 1.) Sparkles filed its answer on June 4, 2024. (ECF No. 14.) A scheduling order was entered on July 2, 2024. (ECF No. 19.) On July 15, 2024, RBG sought leave to file an amended complaint that would name Stock Your Home, LLC ("SYH") as a defendant. (ECF No. 20.) RBG's motion for leave, like its proposed FAC, did not explain why SYH should be a party in this action or identify any relevant actions by SYH. On July 30, 2024, the Court granted RBG's motion for leave and deemed the FAC the operative complaint in the action. (ECF No. 24.) On August 13, 2024, SYH filed a motion to dismiss for failure to state a claim, and Sparkles moved for judgment on the pleadings. (ECF No. 27.) That motion remains pending.

Fact discovery was originally scheduled to close on December 15, 2024. (ECF No. 19.) RBG requested a two-month extension, asserting that it wished to pursue two additional fact depositions and pursue additional discovery of Sparkles' sales data. (ECF No. 48.) The Court granted an extension of fact discovery to **February 14, 2025**. (ECF No. 50.)

On February 7, 2025, from 2:00 pm to 3:00 pm ET, the parties (via Charles L. Philbrick

2

for RBG and Sandra A. Hudak for Defendants) held a meet and confer via telephone regarding the deficiencies in RBG's responses to Sparkles' document requests ("RFPs") and interrogatories ("ROGs") that are the subject of the present motion. Despite RBG's assurances that it would supplement its discovery responses the week of February 10, and then by March 6, and then by March 10, RBG never supplemented its discovery responses.[1]

Instead, RBG focused its efforts on pursuing purported discovery deficiencies in Sparkles' discovery responses, seeking an untimely meet and confer with Sparkles on March 7, 2025 and filing a motion to compel on April 3, 2024 (ECF No. 64). However, RBG must be compelled to comply with its own discovery obligations.

### III. ARGUMENT

#### A. RBG's Responses to the RFPs Still Do Not Comply with Rule 34(b)(2)(C)

As a preliminary matter, RBG's responses to Sparkles' document requests remain deficient for failing to comply with Rule 34(b)(2)(C)'s requirement that "[a]n objection . . . state whether any responsive materials are being withheld on the basis of that objection." Although the Court ordered "both sides [to] comply with [Rule] 34(b)(2)(C)" (ECF No. 66), RBG's supplemental responses merely state that RBG withheld documents in response to certain requests. (*See* Ex. 4.)

Although "[t]he producing party does not need to provide a detailed description or log of all documents withheld, [it] does need to alert other parties to the fact that documents have been withheld and thereby ***facilitate an informed discussion of the objection***." Advisory Committee's Note, Fed. R. Civ. P. 34 (emphasis added); *see, e.g.*, *CDOC, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 20 C 1396, 2021 WL 9859823, at *1 (N.D. Ill. June 8, 2021) ("Plaintiffs must . . . affirmatively state . . . 'whether any responsive materials are being withheld on the basis of that objection.'").

---

[1] RBG served supplemental responses to 4 RFAs on March 17, 2025.

3

RBG's failure to state on which grounds it is withholding documents is impeding "an informed discussion of the objection." For example, for RFP No. 14, RBG has not advised whether it is withholding documents because it does not know what the word "agreement" means. (Ex. 1 at 2.) RBG should be compelled to properly comply with Rule 34(b)(2)(C) with respect to RFP Nos. 14, 17, 18, 19, 20, 26, 28, 29, 42, 43, 55, and 65. (*Id.*)

### B. RBG Should Be Compelled to Produce Documents Concerning the Scope and Validity of the Asserted Trademark (RFPs 14, 17, 19, 20, 42, 43, 65 & ROG 2)

#### 1. *RBG's Agreements Concerning the Alleged RESTAURANTWARE Mark*

RBG refuses to produce agreements concerning the alleged RESTAURANTWARE trademark, including RFP Nos. 14, 17, and 20 and Interrogatory No. 2:

> **RFP No. 14**: A copy of each agreement relating to the Alleged Trademark.
> **RFP No. 17**: All documents concerning all past and existing relationships, including contracts, agreements, licenses, assignments, or other relations, between [RBG] and any third party relating in any manner to the Alleged Trademark.
> **RFP No. 20**: A copy of each settlement agreement concerning enforcement of the Alleged Trademark by [RBG], including all settlement agreements with sellers on Amazon.
> **ROG No. 2**: Identify each agreement (currently in-force) between [RBG] and any other Person relating to the Asserted Trademark.

RBG objects to each of these requests, arguing that it does not know what "agreement" means and that the requests seeks information that is "irrelevant to the subject matter of this litigation." (Ex. 1 at 2–4; Ex. 2 at 2.) However, agreements related to, *inter alia*, licensing, enforcement, and settlement concerning the asserted trademark are certainly relevant to this action centered on alleged infringement and invalidity of that trademark and RBG should be compelled to produce them. *See, e.g.*, *Bigfoot 4x4, Inc. v. Individuals, Corps., Ltd. Liab. Companies, P'ships, & Uninc. Ass'ns Identified on Schedule A Hereto*, No. 1:22-CV-06758, 2024 WL 4818743, at *1 (N.D. Ill. Nov. 18, 2024) (Gilbert, M.J.) (granting motion to compel agreement between the plaintiff and the "company that Plaintiff works with in its efforts to protect its trademarks"); *M1*

4

*Holdings, Inc. v. Members 1st Fed. Credit Union*, No. 22 C 1162, 2024 WL 182220, at *4 (N.D. Ill. Jan. 17, 2024) (compelling production of "all agreements with third parties regarding use of the mark," finding that those "requests are relevant").

### 2. *Prior Litigation Materials and Enforcement Efforts*

RBG also refuses to produce documents concerning prior challenges to the validity of the asserted RESTAURANTWARE trademark in prior litigations, including RFP No. 43 and 65:

> **RFP No. 43**: All documents concerning any court action, administrative proceeding, mediation, arbitration or any other dispute concerning the Alleged Trademark.
>
> **RFP No. 65**: All documents relating to the lawsuit filed in the United States District Court for the Northern District of Illinois, *RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192, including but not limited to pleadings, responses to discovery and deposition transcripts.

RBG objects to each of these requests, arguing that they are "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" and that the "request[s] seeks records that are irrelevant to the subject matter of this litigation." (Ex. 1 at 13, 21.) However, documents concerning past enforcement efforts and prior litigations are highly relevant to this action centered on alleged infringement and invalidity of that trademark. For example, "[p]ast enforcement efforts can be relevant to an affirmative defense of acquiescence, abandonment, or as it's sometimes called, 'naked licensing[.]'" *M1 Holdings*, 2024 WL 182220, at *5 n.5. Here, RBG has already been involved in an extended litigation involving one of Sparkles' key defenses—that the term "restaurantware" is a generic term that cannot be used as a trademark. *See, e.g.*, *RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192, 2023 WL 2683170, at *5 (N.D. Ill. Mar. 29, 2023) ("[A] jury could readily rely on the [defendant's] survey to find that the term [restaurantware] is generic."). The public filings in that "*Webstaurant* case" reveal that a large amount of documents and deposition testimony in that prior action are also relevant to this action. *See, e.g.*, *id.* ("Webstaurant has presented substantial evidence discrediting

5

the validity of the [RESTAURANTWARE] mark."); (Ex. 5, RBG 30(b)(6) Tr. 34:15–18 ("Q. And how did you come up with the name Restaurantware? A. Mr. Bouchar[e]b said we need something that uses the name ware, like tableware, so I came up with Restaurantware.")). RBG should be compelled to produce these relevant documents. *See, e.g.*, *M1 Holdings*, 2024 WL 182220, at *6 (compelling trademark owner to produce documents from prior litigations concerning the mark).

### 3. Other Documents Regarding Third-Party Uses of the Term "Restaurantware" and Challenges to Validity

RBG also refuses to produce documents concerning third-party uses of the term "restaurantware" and documents refuting the validity of the Alleged Trademark, including:

> **RFP No. 19**: All communications that questioned or challenged the validity, enforceability, ownership, or scope of the Alleged Trademark.
>
> **RFP No. 42**: All documents, things, and communications concerning third-party uses of the terms "restaurantware" or "restaurant-ware," including all documents produced by any party in the civil action styled as *RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192 (N.D. Ill. filed July 30, 2018) concerning uses of the terms "restaurantware" or "restaurant-ware" by third parties.

RBG objects to these requests as "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (Ex. 1 at 4, 13.) However, third party uses of the term "restaurantware," as well as specific challenges to the validity of the trademark, are highly relevant to the issues in this action and RBG should be compelled to produce them. *See, e.g.*, *M1 Holdings*, 2024 WL 182220, at *1 (noting that it was "important[]" in an action concerning alleged trademark infringement "that there are any number of third parties using marks similar to" the trademarks at issue).

### C. RBG Should Be Compelled to Provide a Complete Answer Regarding Its Knowledge of Sparkles (ROG 7)

RBG's response to Interrogatory No. 7—which asked RBG to "[s]tate the date and circumstances that [RBG] first became of aware of [Sparkles'] use of the terms 'restaurantware'

or 'restaurant-ware.'"—is incomplete. RBG responded that "[RBG] became aware of [Sparkles'] use prior to March 14, 2024," without identifying what date "prior to March 14, 2024" RBG *first* became aware and the "*circumstances*" of that awareness. (Ex. 2 at 6.) This response does not comply with Fed. R. Civ. P. 26(g)(1)(A) and RBG should be compelled to provide an accurate response. *See, e.g.*, *Linet Americas, Inc. v. Hill-Rom Holdings, Inc.*, 740 F. Supp. 3d 685, 712 (N.D. Ill. 2024) (compelling supplemental interrogatory response where it sought "information that appears to be uniquely within [plaintiff]'s possession about when [plaintiff learned of certain alleged anticompetitive conduct and activities by [defendant]").

### D. RBG Should Be Compelled to Produce RBG's Profits Information (RFP 23)

RBG represents that it has not withheld any documents in response to RFP No. 23, which seeks "[d]ocuments sufficient to show, on a monthly basis, [RBG]'s total gross revenues and net profits generated from all sales of products promoted, sold, or offered for sale by [RBG] using the Alleged Trademark, including all relevant accounting records." (Ex. 1 at 5–6.) However, no such information was produced, which is relevant to RBG's claim for damages in this action; to the extent that RBG seeks to refute Sparkles' cost information, RBG's profits information is relevant to showing, e.g., the cost of goods and Amazon fees. Specifically, RBG has represented that "no documents or records were withheld from RBG's production [in response to RFP No. 23] based upon the objections asserted." (Ex. 4.) RBG should be compelled to produce documents in accordance with its written responses.

### E. RBG Should Be Compelled to Answer Sparkles' RFA Nos. 7–23, 39, 43, 47, and 48, or Those RFAs Should Be Deemed Admitted

On March 7, 2025, during a telephone call from 11 am to 12 pm ET, the parties (via Mr. Phibrick and Ms. Hudak) met and conferred regarding RBG's responses to RFA Nos. 7–23, 25–28, 39, 43, 47, and 48. RBG stated that it would supplement its RFA responses, but it only

7

supplemented its responses to RFA Nos. 26–28. RBG should either be compelled to answer the rest, or they should be deemed admitted. *See* Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

### 1. *RFAs Concerning RBG's Notice of Registration (e.g., Use of the ® Symbol)*

Pursuant to 15 U.S.C. § 1111, a plaintiff alleging infringement of a registered trademark cannot seek monetary relief prior to the defendant's "actual notice of the registration," unless the plaintiff had "give[n] notice that [its] mark is registered by displaying with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed with a circle, thus ®." In view of this provision, RBG cannot seek monetary damages in this action. RBG did not give notice that its alleged RESTAURANTWARE mark is registered by displaying it with the ® until at least 2023, and even then its use of the ® was sporadic. RBG's "inconsistent and wholly insufficient manner" of using the ® in conjunction with the alleged RESTAURANTWARE mark cannot support a claim for monetary relief. *See, e.g., Nat'l Prods.*, 2017 WL 497678, at *2 (finding "Plaintiff's claim for profits and damages prior to service of the complaint was properly DISMISSED" where "the products . . . , their packaging, and a significant percentage of the marketing images bore no indication that the mark was registered").

Accordingly, Sparkles propounded RFAs on this subject to narrow the issues for trial. *See, e.g., United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree."). Specifically, RFA Nos. 7–23 ask RBG to "[a]dmit that [RBG] ha[s] never provided Notice of Registration on" LinkedIn, Instagram, Facebook, Twitter, Pinterest, YouTube, RBG's Amazon Brand Registry page, or RBG's catalogs, and to "[a]dmit that [RBG] does not provide Notice of Registration on substantially all RW Products." Instead of simply

admitting these facts, RBG *refused to answer*. RBG's objections argues that these RFAs "are being used to 'circumvent the number of interrogatories allowed by Rule 33,'" even though Sparkles only issued 9 (out of the permitted 25) interrogatories. And, contrary to RBG's assertion that these RFAs are "exploratory in nature," there is substantial evidence in the record demonstrating that RBG does not provide notice of registration on these social media websites, YouTube, Amazon, RBG's catalogs, and substantially all RW Products.

RBG's objections are not proper and RBG should be compelled to respond, or RFA Nos. 7–23 should be deemed admitted. *See, e.g.*, *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 1165089, at *3 (N.D. Ill. Mar. 25, 2021) (rejecting argument that RFAs were "thinly designed interrogatories" and compelling amended responses).

### 2. *RFAs Concerning Use of the -Ware Suffix in the Food and Beverage Field*

One of Sparkles' defenses in this action is a "fair use" defense—it did not use the term "restaurantware" as a source-designator (i.e., as a trademark), but rather used it in a descriptive sense according to its English language meaning, e.g., products that can be used by a restaurant. Accordingly, Sparkles propounded RFA Nos. 39, 43, 47, and 48 to narrow the issues for trial:

> **RFA No. 39**: Admit that the term "drinkware" means items intended for drinking out of.
> **RFA No. 43**: Admit that the term "servingware" means items intended for use serving food.
> **RFA No. 47**: Admit that the suffix -ware is used to refer to a group of items intended for a specific purpose.
> **RFA No. 48**: Admit that third parties have used the term "restaurantware" to describe products that can be used by a restaurant.

RBG refused to answer *any* of these requests, on the grounds that these requests are "vague and ambiguous" or "lack[] context" and are not "within the scope of discovery." (Ex. 3 at 16–19.) These objections are not proper. One of the central issues of this action involves how the suffix -ware is used, and how third parties utilize the term restaurantware. RBG has admitted in deposition

9

testimony that the asserted RESTAURANTWARE Trademark was selected because it utilizes the suffix ware and thus describes the goods that RBG sells, and that third parties utilize the term. (*See, e.g.*, Ex. 5, RBG 30(b)(6) Dep. Tr. 34:10–18; 52:19–22 (RBG "thought ware was a good term to use" "because it pertained to the type of products which [RBG was] producing"), 37:25–38:2 (RBG saw "third-party use of Restaurantware on the internet") RFA Nos. 39, 43, 47, and 48 are clear and concise statements of fact that, if admitted, would simplify the issues for trial (such that Sparkles would not need to present the other evidence in the record that concern these facts). As such, RBG should be compelled to answer these requests, or they should be deemed admitted. *See, e.g.*, *BCBSM, Inc. v. Walgreen Co.*, No. 1:20-CV-01362, 2023 WL 3737724, at *11 (N.D. Ill. May 31, 2023) (compelling responses to requests for admission where the answers would help the defendant "understand Plaintiffs' claims so it can defend the case").

### F. Sparkles Should Be Awarded Its Reasonable Fees in Making this Motion

As discussed above, RBG's refusal to produce the above documents and discovery responses was not substantially justified. RBG should pay Sparkles' attorneys' fees incurred in making the present Motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

### IV. CONCLUSION

For the above reasons, Sparkles' Motion to Compel should be granted, and Sparkles should be awarded its reasonable costs and fees in bringing the Motion.

Dated: April 16, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Sandra A. Hudak*

　　　　　　　　　　　　　　　　　　Mark Berkowitz
　　　　　　　　　　　　　　　　　　Sandra A. Hudak
　　　　　　　　　　　　　　　　　　TARTER KRINSKY & DROGIN LLP
　　　　　　　　　　　　　　　　　　1350 Broadway
　　　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　　　Tel.: (212) 216-8000
　　　　　　　　　　　　　　　　　　Fax: (212) 216-8001
　　　　　　　　　　　　　　　　　　E-mail: mberkowitz@tarterkrinsky.com
　　　　　　　　　　　　　　　　　　　　　　　shudak@tarterkrinsky.com

　　　　　　　　　　　　　　　　　　David Fink
　　　　　　　　　　　　　　　　　　7519 Apache Plume
　　　　　　　　　　　　　　　　　　Houston, TX 77071
　　　　　　　　　　　　　　　　　　Tel.: (713) 591-4448
　　　　　　　　　　　　　　　　　　E-mail: Texascowboy6@gmail.com

　　　　　　　　　　　　　　　　　　***Attorneys for Defendants Sparkles Gift &***
　　　　　　　　　　　　　　　　　　***Party Shop Inc. and Stock Your Home, LLC***