IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RBG PLASTIC, LLC, d/b/a RESTAURANTWARE, | |
| Plaintiff, | No. 24 C 2155 |
| v. | Jeffrey T. Gilbert United States Magistrate Judge |
| SPARKLES GIFT & PARTY SHOP, INC., and STOCK YOUR HOME, LLC | |
| Defendants. | |

**ORDER**

Plaintiff RBG Plastic, LLC d/b/a Restaurantware ("Plaintiff") moves to compel Defendant Sparkles Gift & Party Shop, Inc. ("Defendant") to produce documents and respond to interrogatories "almost seven weeks after the close of fact discovery," as Defendant readily points out in its opposition brief (in **bold** lettering). *See* Plaintiff's Motion to Compel [ECF No. 64] ("Motion"); Defendant's Opposition Brief [ECF No. 70] at 1. Defendant says Plaintiff's Motion must be denied for this reason alone since "RBG's *modus operandi* in this action has been to go silent for weeks or months at a time and then, immediately before a court deadline, raise new issues with the Court without attempting to meet and confer in good faith with Sparkles." [*Id.*]

But then, Defendant filed its own Motion to Compel [ECF No. 69] two weeks after Plaintiff filed its Motion. Touche' as the saying goes! So, are Defendants vulnerable to the same argument they make about the timeliness of Plaintiff's Motion? Should both motions be denied on that basis?

The truth is the parties argued for months before the fact discovery close date, which was extended multiple times, about whether each other's discovery responses were adequate and complete, with supplemental responses and productions dribbling out over time up until the discovery deadline expired and afterwards. And the parties' respective briefing of their dueling motions to compel indicates they were meeting and conferring about their rolling discovery disputes until the motions to compel were filed.

One might wonder whether it is necessary to get into the weeds of either side's motion to compel given that fact discovery now is closed, fact witnesses have been deposed, and both sides waited so long to bring these issues to the Court. Both sides,

however, apparently think it was worth paying their lawyers to file and brief the dueling motions to compel, and maybe it was worth it to them. In its discretion, however, the Court will not deny either motion as untimely. Hopefully, the rulings set forth below will help the parties move forward to resolving the case on the merits.

## Plaintiff's Motion to Compel [ECF No. 64]

Some of the disputes are petty. For example, Plaintiff wants Defendant to say whether it has produced all responsive documents and whether it is withholding any responsive documents. Defendant says it is certainly willing to do so but only if Plaintiff will do so as well. Plaintiff says it will do so but only after Defendant does so. As of the date Plaintiff filed its Motion, that dispute seems to be unresolved. Of course, Federal Rule of Civil Procedure 34(b)(2)(C) mandates that an objection to a document request "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Accordingly, the Court orders both parties to comply with Rule 34(b)(2)(C) within 14 days of the date of this Order to the extent they have not already done so. *See, e.g.,* Plaintiff's Supplemental Response to Defendant Sparkles' First and Second Sets of Requests for Production of Documents [ECF No. 69-4] which was filed the day before Plaintiff filed its Motion to Compel [ECF No. 69].

The Court's rulings on other matters raised by Plaintiff in its Motion are as follows.

***Requests for Production ("RFPs") 6-7, 15, 16, and 19***. These RFPs seek documents sufficient to show Defendant's sales by month from August 2020 to the present; its operating costs from 2020 to the second quarter of 2024; and its profit and loss statements from 2020 to 2023. Plaintiff says there are inconsistencies in the sales and other data that Defendant has produced. Plaintiff's solution to that problem is for Defendant to produce *all* its sales data for all products sold from 2020 through 2023. That is overkill and Plaintiff's request is denied. Defendant has produced sales data and Plaintiff has deposed Defendant's witnesses about it. The Court does not see the benefit in ordering Defendant to do more now.

***RFPs 4 and 5.*** These RFPs are overbroad and seek information that is not proportional to the needs of the case. They seek "any communications with your customers relating to or mentioning RBG, the Mark or any Confusingly Similar Term" "all documents or communications, whether internal or external, that mention or include RBG, the Mark or any Confusingly Similar Term."[1] To the extent Plaintiff tries to justify these requests as relevant to whether Defendant is an "innocent" infringer or it acted willfully, these requests sweep way too broadly. Nevertheless,

---

[1] The phrase "Confusingly Similar Term" is defined by Plaintiff to include the terms identified in Exhibit A to Plaintiff's RFPs. Plaintiff did not attach "Exhibit A" to its Motion but Defendant says it is "a list of 112 different terms . . . that are not at issue in this action."

Defendant indicated it is willing to meet and confer about these requests as of the date the Motion was filed. Nothing in this Order is intended to chill those discussions but the Court also is not ordering the parties to continue to meet and confer since the requests as drafted are fatally overbroad and the Court doubts the parties will be able to agree on how they can be narrowed now when they have not been able to do so for many months.

**RFPs *17, 25 & 30 Concerning Sparkles's use of the term "restaurantware" and "analytics."*** Plaintiff's Motion is denied in this respect. Defendant says it has no additional documents to produce as called for by these RFPs beyond what it already has produced. Plaintiff says this cannot possibly be true based upon how certain defense witnesses testified during their depositions. Plaintiff also says Defendant's responses to Plaintiff's discovery requests and inquiries during the meet and confer process are vague and ambiguous which fuels Plaintiff's suspicion that Defendant is withholding documents or hiding the ball.

The key consideration for the Court with respect to RFPs centered on the use of the term "restaurantware" or Defendant's "'analytics" implicated by the referenced RFPs is Defendant's position that it has no additional responsive documents beyond what it already has produced. Plaintiff has not convinced the Court that Defendant's position is wrong or unsupported. That ends the matter for these purposes. As Defendant points out, and as this Court previously said in *Trio v. Amazon Web Servs., Inc.*, No. 23 C 1389, 2025 WL 777508, at *1 (N.D. Ill. Feb. 28, 2025), "[t]he Court cannot order [a] Defendant to produce information it says it does not have."

The root of the parties' disagreement about these RFPs and many of the others at issue in Plaintiff's Motion revolves around their respective characterizations of the term "restaurantware," Plaintiff's registered trademark. Nobody seems to be hiding the ball; the parties just disagree about how to characterize that mark, what it covers, and, relatedly, what discovery is proportional to the needs of the case as each side interprets that term. Plaintiff alleges Defendant used the term "restaurantware" in a way that infringes upon Plaintiff's trademark. Defendant says its use of the term is or was descriptive of a general category of goods and is not used as a designation of source or origin, and therefore Plaintiff loses its case.

This dispute, which ultimately will be determined in the context of Defendant's pending Motion to Dismiss for Failure to State a Claim or For Judgment on the Pleadings [ECF NO. NO. 27], on summary judgment, or at trial, underlies many of the discovery disputes the parties raise in their motion practice. It underlies their disputes about what documents are relevant to the parties' claims and defenses and proportional to the needs of the case within the meaning of Federal Rule of Civil Procedure 26(b)(1). The Court agrees with Defendant that forcing it to search for and produce more documents would be unduly burdensome. Read literally, some of Plaintiff's discovery requests, interpreted as Plaintiff interprets them, would require Defendant to produce a huge volume of documents from every aspect of its businesses. That is unnecessary and not proportional to the needs of the case.

3

In addition, Plaintiff's insistence that Defendant confirm where it searched for responsive documents, and how it determined what is and is not responsive is so-called "discovery-on-discovery" and is not justified under these circumstances. In the Court's view, this case will not be won or lost based on how far Defendant has gone to search for documents encompassed by Plaintiff's discovery requests. It will be won or lost based on a determination of the meaning and scope of Plaintiff's trademark and how Defendant used that term, and both parties seem to have enough information now to wage that battle on the merits.

***RFPs 22 and 23, other infringement allegations made against Defendants in other contexts.*** This information is not relevant to the claims and defenses in *this* case nor is it proportional to the needs of this case. Plaintiff also has failed to convince the Court otherwise. Plaintiff says this information is relevant to whether Defendant's conduct in this case was willful and is relevant to Defendant's "innocent infringement defense." That is not a sufficient reason to support this very broad request untethered to the trademark or conduct involved in this case even assuming responsive information exists. In the Court's view, the discovery Plaintiff seeks here is classically disproportionate to the needs of this case.

***Interrogatories ("INTs") 3 and 11.*** Plaintiff's INT 3 asks Defendant to "identify all efforts, whether by you or by any person on your behalf, to advertise and/or promote Sparkles using the Mark or any Confusingly Similar Terms and identify all documents evidencing same." Defendant raises a host of objections to this INT and then says, subject to those objections, "Defendant has not made any efforts to advertise or promote Defendant using the term "restaurantware" or any variation thereof; rather, any use of the term "restaurantware" or "restaurant-ware" was made to describe a generic category of goods." And Defendant goes on to say it will produce responsive documents pursuant to Federal Rule of Civil Procedure 33(d).

INT 11 is a contention interrogatory: "Do you contend that Sparkes' use of RESTAURANTWARE is likely to cause confusion, mistake, and deception in the minds of the public? If not, identify the full factual basis for your contention, identify all persons with knowledge of the facts that support your contention, and identify all records or documents or other evidence that supports your contention." Defendant again raises a host of objections to INT 11 and then says, subject to those objections, "Defendant has not made any efforts to advertise or promote Defendant using the term "restaurantware" or any variation thereof; rather, any use of the term "restaurantware" or "restaurant-ware" was plainly made to describe a generic category of goods."

Plaintiff's Motion is denied with respect to these interrogatories. Again, the parties dispute the legal significance of how Defendant used the term "restaurantware." Plaintiff knows how Defendant used that term. The parties disagree about how to characterize what Defendant is doing. Plaintiff does not need Defendant to provide more information within the construct of how Plaintiff views the case. Production of documents pursuant to Rule 33(d) in this context is not

inappropriate, as Plaintiff argues, such that Defendant needs to do more either to identify responsive documents or provide more of an answer to the interrogatory. The parties need to move on to expert discovery and to a resolution of their dispute on the merits.

Finally, as Plaintiff's Motion is being denied in its entirety, Plaintiff's request for its attorney's fees is denied as well.

### Defendant's Motion to Compel

The first subject addressed by Defendant in its Motion to Compel [ECF No. 69] ("Defendant's Motion") is Plaintiff's purported failure to comply with Federal Rule of Civil Procedure 34(b)(2)(C). The Court addressed both parties' arguments on this issue above, and its ruling stands.

**RFPs 14, 17, 19, 20, 42, 43, 65 and INT 2: The Scope and Validity of the Asserted Trademark.** All these discovery requests are overbroad on their face and seem to encompass documents and other information that is neither relevant to the claims or defenses in this case nor proportional to the needs of the case because they are couched in unlimited language like "all documents," "all communications," or "each agreement" concerning or relating to "the Alleged Trademark." It is not evident that "all" documents, agreements, or communications within the requested categories are relevant to the claims or defenses in this case or that their production is proportional to the needs of the case. Defendant, however, stands on its broad categories in the face of Plaintiff's over-breadth objections on the ground that the subject matter of each category is relevant without explaining why production of every piece of paper or electronic byte in each category is proportional to this case within the meaning of Federal Rule of Civil Procedure 26(b)(1). Within each category of requested documents or information, it stands to reason there are relevant documents or information. Defendant's apparent insistence that "all agreements" or "each agreement" and "all communications" and "all documents" must be produced because Plaintiff has brought a trademark infringement lawsuit and there certainly is relevant information within each category does nothing to assist the Court in determining where the lines properly should be drawn. Although it is in Defendant's interest to narrow its discovery requests so that it can obtain information it thinks is important to its case, it does not seem to have done so, and the parties' meet and confer efforts have been unsuccessful largely for this reason.

Similarly, Defendant's requests for "all documents" concerning any court action, administrative proceeding, mediation, arbitration, or any other dispute concerning the Alleged Trademark" (RFP 43) and all documents relating to a trademark lawsuit Plaintiff previously filed in this District and any settlement agreement in that lawsuit or "with sellers on Amazon" suffer from the same over-breadth defect as the other requests referenced above. Some of those documents may be subject to production but it is hard to believe that each and every document or agreement is discoverable, and that is what Defendant is seeking.

However, Plaintiff's objection to certain requests on the ground that it does not know what Defendant means by an "agreement" is overruled. That term has a commonly understood meaning. It should not be difficult for the parties to agree what that term means in the context of this case. But not responding at all to discovery requests for "agreement[s] . . . relating to the Alleged Trademark" in a case that involves a dispute about Plaintiff's trademark and Plaintiff's right to enforce it on the ground that the term "agreement" is vague is not an option. If Plaintiff needs to produce documents on a confidential basis, the parties have agreed to and the Court has entered a Confidentiality Order [ECF No. 42] for such a situation. Documents also can be redacted if the redactions do not interfere with Defendant's ability to use the documents for legitimate purposes.

But Defendant's Motion is denied with respect to RFPs 14, 17, 19, 20, 42, 43, 65 & INT 2 for the reasons discussed above because, without help from Defendant in narrowing its discovery requests, the Court cannot do more. For example, RFP 17 seeks "[a]ll documents concerning all past and existing relationships, including contracts, agreements, licenses, assignments, or other relations, between Plaintiff and any third party relating in any manner to the Alleged Trademark." RFP 43 seeks "[a]ll documents concerning any court action, administrative proceeding, mediation, arbitration or any other dispute concerning the Alleged Trademark." These requests and others are so overbroad that the Court sees no point in ordering the parties to continue to meet and confer in an effort to narrow them. These and others of Defendant's discovery requests also clearly encompass privileged information and Defendant makes no attempt to take that into account. Again, while these requests may include within their scope relevant documents whose production would be proportional to the needs of the case, the Court cannot make those determinations based on the parties' briefing of Defendant's Motion. So, Defendant's Motion is denied with respect to these discovery requests.[2]

**INT 7: The date and circumstances under which Plaintiff learned Defendant was using the term "restaurantware."** Plaintiff says Defendant already knows the answer to this interrogatory. It points to a deposition exhibit which

---

[2] Defendant cites two cases in support of its broad discovery requests, neither of which helps its cause. *Bigfoot 4x4, Inc. v. Individuals, Corps., Ltd. Liab. Companies, P'ships & Uninc. Ass'ns Identified on Schedule A,* 2024 WL 4818743 (N.D. Ill. Nov. 18, 2024), is distinguishable, as Plaintiff notes, because of the factual context in which it arose. And the defendant in that case sought the production of one agreement, not all agreements. And Defendant cites *M1 Holdings, Inc. v. Members of 1st Fed. Credit Union,* 2024 WL 18220, at *4 (N.D. Ill. Jan. 17, 2024), for the proposition that a request for production of "all agreements" is proper but the defendant in that case did not seem to object to producing all its agreements regarding the use of the mark; it already had produced two or three dozen of them. The issue before the court there was the speed with which the agreements were being produced, and the court simply ordered the rest of the agreements to be produced within about a month after the decision was issued. Neither case is persuasive let alone dispositive authority for the relief Defendant is seeking here.

indicates that Amazon notified Plaintiff on November 14, 2023, that someone reported one or more of Plaintiff's listings infringes on another's mark. Plaintiff says this shows Defendant is raising the issue of INT 7 now in retaliation for Plaintiff filing its Motion. The Court expresses no opinion on that accusation. But neither will it order Plaintiff to amend its answer to INT 7 in which it said it learned Defendant was using its trademark sometime prior to the date it filed this lawsuit in March 2024. Defendant says the information it is seeking is relevant to its Ninth Affirmative defense of waiver, acquiescence, or estoppel. But if Plaintiff learned Defendant was using its trademark in November 2023, as appears to be the case, and filed suit in March 2024, the Court does not see the point of requiring Plaintiff to provide more of an answer to INT 17 based on Defendant's Ninth Affirmative Defense. Therefore, Defendant's Motion is denied in this respect.

**RFP 23 with respect to Plaintiff's net profits.** RFP 23 seeks "[d]ocuments sufficient to show, on a monthly basis, Plaintiff's total gross revenues and net profits . . . using the Alleged Trademark, including all relevant accounting records." Plaintiff says it has "produced documents specifically and clearly showing its revenue for the years 2010 to 2024." *See* Plaintiff's Response to [Defendant's] Motion to Compel [ECF No. 72] at 10. But Defendant wants profit information, not just sales and revenue information. Plaintiff says profit information is not relevant to a claim or defense in this case because Plaintiff only seeks disgorgement of Defendant's profits from its alleged infringement. *See* Plaintiff's Response [ECF No. 72] at 7. Defendant says the sales and profit information it is seeking, including the cost of goods sold and Amazon fees, is relevant to Plaintiff's damages claim to the extent Plaintiff will want to refute Defendant's cost information. *See* Defendant's Reply [ECF No. 75] at 7. Defendant also points to Plaintiff's answer to its interrogatory number 8 in which Plaintiff identified Jamil Bouchareb as a trial witness "who is expected to testify as to RBG's creation, investment in, use of and **profits** generated from its brand." [ECF No. 69-2] at 7 (emphasis added).

On this record, Plaintiff must produce the information Defendant is requesting about its net profits in RFP 23, including relevant accounting records that are necessary to support and explain the documents Plaintiff produces to show its net profits. Therefore, Defendant's Motion is granted in this respect.

**Defendant's requests for admission ("RFAs") 7-15, 16-23, and 39, 43, 47, and 48.** Defendant's RFAs 1–13 ask Plaintiff to admit it never provided Notice of Registration on certain identified social media accounts. Plaintiff objects that these are not proper RFAs seeking an admission fact and, instead, are interrogatories that are beyond the limit Defendant can ask under Rule 33. The Court disagrees with Plaintiff and finds that these are permissible RFAs, and Plaintiff must respond to them substantively rather than solely with an objection. Accordingly, Defendant's Motion is granted in these respects. The Court agrees with Plaintiff, however, that RFAs 13-15 and 16-23 are vague and ambiguous as propounded and Defendant's Motion is denied as to these RFAs.

Defendant's Motion also is denied as to RFAs 39, 43 47, and 48. These RFAs do not seek an admission of a fact. Rather, they are contentious in nature and ask Plaintiff to agree with the way Defendant defines or uses certain terminology that may not be susceptible to one meaning or usage.

Finally, Defendant's request for its attorney's fees also is denied. Defendant was largely unsuccessful with its Motion to Compel. To the extent it succeeded on a very limited basis, it would be very difficult or impossible to allocate fees to those minor aspects of Defendant's Motion, and the Court declines to engage in that exercise which undoubtedly would result in a *de minimis* fee award.

Accordingly, for all the reasons discussed in this Order, Plaintiff's Motion to Compel [ECF No. 64] is denied and Defendant's Motion [ECF No. 69] is denied in all respect except with respect to RFP 23 and RFAs 1-13.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 8, 2025